**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**


**RAFAEL BEAMUD, JR.,**

        **Petitioner,**

    v.                                 **Civil Action No. 5:21-CV-104**
                                               Judge Bailey

**MR. HUDGINS,** USP Hazelton
Warden**,**

        **Respondent.**


**REPORT AND RECOMMENDATION**

**I. Introduction**

On July 6, 2021, the petitioner, an inmate incarcerated at FCI Hazelton in Bruceton Mills, West Virginia, filed a *pro se* Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 challenging the legality of his sentence. [Doc. 1]. On September 22, 2021, respondent filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. [Doc. 9]. Responses to the Motion were due November 19, 2021. [Doc. 14]. To date, petitioner has not filed any response. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned recommends that the Motion to Dismiss, or, in the Alternative, Motion for Summary Judgement be granted.

1

## II. <u>Factual and Procedural History</u>

In his petition, petitioner challenges the validity of a Disciplinary Hearing Officer ("DHO") hearing.  As summarized in the DHO report attached to the petition, on November 13, 2018, petitioner was unable to stand and complaining of numbness on his right side. Petitioner was taken to the local hospital, Androscoggin Valley Hospital, where a urine sample was collected in a portable plastic urinal.  The hospital provided lab results from petitioner which showed presumptive positive urinalysis for Carboxy THC and Buprenorphine.  During an initial DHO hearing, petitioner stated, "Look at the log book with trip.  I didn't take a urine test.  I never gave them my urine.  I never went to the bathroom that morning.  Ask the officers."  [Doc. 1-2 at 6].  Based on the results from the hospital and statements from prison staff, the DHO found petitioner committed the act of Use of any Narcotics, Marijuana, Drugs, Alcohol, Intoxicants, or Related Paraphernalia, Not Prescribed for the Individual by the Medical Staff and was penalized 41 days of Good Conduct Time.  In his petition, petitioner raises several challenges based on the method by which the urine was collected, arguing that BOP did not follow its own policy.  He asks that the incident be expunged and that the 41 days of Good Conduct Time be restored.

On September 22, 2021, respondent filed its Motion.  Therein, respondent argues that, first, petitioner received all due process rights afforded to him in a prison disciplinary hearing.  Second, respondent argues that the DHO's findings were based on sufficient evidence.

### III.  Legal Standard

**A.  Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; *see also* Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B.  *Pro Se* Litigants**

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers."  ***Haines v. Kerner***, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See **Weller v. Dep't of Social Servs.***, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner is not entitled to relief, and this matter is due to be dismissed.

### IV.  Discussion

This Court finds the respondent's motion persuasive.  The DHO's findings were supported by "some evidence in the record" as required by ***Superintendent, Massachusetts Corr. Inst., Walpole v. Hill***, 472 U.S. 445, 454 (1985).  Under ***Hill***,

"[a]scertaining whether the 'some evidence' standard is satisfied does not require examination of the entire record, independent assessment of witnesses' credibility, or weighing of the evidence, but, instead, the relevant question is whether there is *any evidence* in the record to support the disciplinary board's conclusion."  Syl. Pt. 2, *Hill* 472 U.S. 445 (1985) (emphasis added).  The DHO relied on the incident report by staff member B. Malcom, staff member M. Slocter's supporting memorandum, Officer Hensley's statement, Officer Cruz's statement, the Androscoggin Valley Hospital's Consultation, petitioner's Medication Summary, and petitioner's statements in the initial DHO hearing.  [Doc. 1-2 at 6].

Petitioner's challenge is that the urine sample used in the urinalysis was not collected in a manner following BOP policy.  First, he points out that the urine sample collected at the hospital was not signed by staff or inmate, and because the medical staff removed the sample, the escorting officer could not certify the urine tested was petitioner's urine.  [Doc. 1 at 5].  Second, he challenges the fact that the sample did not undergo a second confirmatory test as listed in BOP Program Statement 550.31.  [Id. at 6].  Third, he challenges the fact that Androscoggin Valley Hospital "is NOT a substitute or an exclusive Central-Office approved laboratory/contractor."  [Id.].

These challenges have no bearing on the *Hill* standard; the evidence considered by the DHO, including the report from the hospital, is more than sufficient to meet the "some evidence" standard.  Further, the petitioner received all due process rights afforded to him.  The due process requirements for inmate disciplinary actions are:  (1) written notice of the charges must be given to the inmate at least twenty-four hours before his appearance in front of the prison disciplinary board; (2) prison disciplinary officers must

make a written statement describing the evidence relied upon and supply reasons for any disciplinary actions; (3) the inmate must be allowed to call witnesses and present evidence at the disciplinary hearing unless allowing this would be unduly hazardous to institutional safety or correctional goals; (4) if illiterate or the hearing involves a complex matter, the inmate must be granted the opportunity to have a non-attorney representative assist him throughout the disciplinary process; and (5) the decision-maker must be impartial.  *Wolff v. McDonnell*, 418 U.S. 539, 564–571 (1974).  It is undisputed that these requirements were met.  With those requirements met, petitioner's contention that BOP violated its own policies does form the basis of a due process violation.  *See Macia v. Williamson*, 219 F. App'x 229, 233 (3d Cir. 2007) ("The prison's failure to follow its own procedures will not result in a due process violation as long as the inmate is provided with the process he is due under *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974)."); *Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) (citation omitted) ("a failure to adhere to administrative regulations does not equate to a constitutional violation.").

### V. Recommendation

For the foregoing reasons, it is hereby recommended that Respondent's Motion to Dismiss, or, in the Alternative, Motion for Summary Judgment [**Doc. 9**] be **GRANTED**, and the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**Doc. 1**] be **DENIED** and **DISMISSED WITH PREJUDICE**.

Within fourteen (14) days after being served with a copy of this report and recommendation, the petitioner may file with the Clerk of Court **specific written objections identifying those portions of the recommendation to which objection is**

**made and the basis for such objections**.  A copy of any objections shall also be submitted to the United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour***, 889 F.2d 1363 (4th Cir. 1989); ***Thomas v. Arn***, 474 U.S. 140 (1985); ***Wright v. Collins***, 766 F.2d 841 (4th Cir. 1985); ***United States v. Schronce***, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the  Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**: November 30, 2021.

*/s, James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE