IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**RAFAEL BEAMUD, JR.,**

        Petitioner,

v.                                      **CIVIL ACTION No. 5:21-CV-104**
                                                Judge Bailey

**MR. HUDGINS,** USP Hazelton
Warden,

        Respondent.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 16]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on November 30, 2021, wherein he recommends that Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 9] be granted and petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed with prejudice. For the reasons that follow, this Court will adopt the R&R.

**I. BACKGROUND**

Petitioner, an inmate incarcerated at FCI Hazelton in Bruceton Mills, West Virginia, filed a *pro se* Petition for Habeas Corpus Pursuant to 28 U.S.C § 2241 on July 6, 2021. In the petition, petitioner challenges the validity of a Disciplinary Hearing Officer ("DHO")

hearing. For relief, petitioner requests that the incident be expunged from his record and that his forty-one (41) days of good conduct time be reinstated.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his objections [Doc. 19] on December 8, 2021.

Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

#### A. Objections to R&R

In the R&R, Magistrate Judge Mazzone found that the DHO's findings were supported by "some evidence in the record" as required by **Superintendent Massachusetts Corr. Inst., Walpole v. Hill**, 472 U.S. 445, 454 (1985).

Petitioner filed his objections on December 8, 2021. *See* [Doc. 19]. Therein, petitioner requests this Court to deny the recommendation to grant summary judgment and "rule on the disputed material facts as outlined in [his] response for dismissal/summary judgment. . . ." *See* [Id. at 1]. He asks this Court "to consider the steps taken by [him] to clear this incident over the last 36 months" and that the facts outlined in his response demonstrate a clear genuine issue with the fact of this case. *See* [Id. at 1–2].

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, *de novo* review is unnecessary." **Green v. Rubenstein**, 644 F.Supp.3d 723, 730 (S.D. W.Va. 2009) (citing **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." **Williams v. New York State Div. of Parole**, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. *See **Mario v. P & C Food Markets, Inc.***, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority, [are] not sufficient." ***Mario***, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." *Id.*; *see also* Fed. R. Civ. P. 72(b); LR PL P 12.

Petitioner does not provide this Court with objections that are briefed or supported with legal authority. Petitioner's objections are "devoid of any reference to specific findings or recommendation . . . and unsupported by legal authority" and are thus not sufficient. Upon review of petitioner's objections even when construing them with a deferential view benefitting the *pro se* litigant, petitioner's objections must be overruled.

## IV. CONCLUSION

Having found no clear error in the remainder of the magistrate judge's well-reasoned review of the pleadings, plaintiff's objections [**Doc.19**] are **OVERRULED**, and it is the opinion of this Court that the Report and Recommendation [**Doc. 16**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [**Doc. 9**] is **GRANTED** and petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**Doc. 1**] is **DENIED** and **DISMISSED WITH PREJUDICE**.

The Clerk is **DIRECTED** to **STRIKE** the above-styled case from the active docket of this court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: December 8, 2021.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE